KAECHELE, Appellant,

v.

KAECHELE, Appellee.

[Cite as *Kaechele v. Kaechele* (1989), 61 Ohio App.3d 159.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–833.

Decided April 6, 1989.

*Luper, Wolinetz, Sheriff & Neidenthal, Barry H. Wolinetz* and *Marya C. Kolman,* for appellant.

*Vorys, Sater, Seymour & Pease, Edgar A. Strause* and *Anne C. Griffin,* for appellee.

WHITESIDE, Judge.

Plaintiff-appellant, Sharon E. Kaechele, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises the following assignment of error:

"The trial court on remand erred in failing to follow the mandate of the Ohio Supreme Court to 'make more specific findings of fact and conclusions of law' regarding appellant's alimony award."

This case involves a long history of both procedural and substantive issues, and it is not new to this court. The parties were divorced on March 4, 1986; however, plaintiff appealed that judgment to this court contending, among

other things, that the trial court had abused its discretion regarding the amount of sustenance alimony awarded. See *Kaechele v. Kaechele* (Nov. 13, 1986), Franklin App. No. 86AP–263, unreported, 1986 WL 13922. We held that there had been an abuse of discretion and vacated the trial court's judgment with respect to the periodic alimony payments. We held specifically that defendant David P. Kaechele's bonus ("Brown–McNeely bonus") that he was guaranteed to receive, had to be taken into account in the alimony determination.

Defendant then appealed to the Ohio Supreme Court, which affirmed, as modified, this court's opinion in *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197. That modification merely stated, at 96, 518 N.E.2d at 1200, that this court erred in the " * * * suggestion that an alimony award must establish an equal standard of living for the parties."[1] The Supreme Court further held in paragraph two of the syllabus:

"In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."

After modifying the judgment of this court to delete any requirement that "an equal standard of living must be established," the Supreme Court affirmed this court's vacation of the sustenance alimony award and remanded " * * * the cause to the trial court for more specific findings of fact and conclusions of law, *and* to make a disposition of the Brown–McNeely bonus in accordance with this opinion." (Emphasis added.) *Id.* at 97, 518 N.E.2d at 1201.

On remand, the trial court entered an entry modifying the original decree of divorce but did not make more specific findings of fact and conclusions of law. In that entry, the court discussed the Brown–McNeely bonus and ordered:

"That the defendant pay to plaintiff an amount equal to one-half of the Brown–McNeely bonus, payments 1987 and after, as sustenance alimony in addition to that ordered in the original Judgment of Divorce. * * * "

Plaintiff has brought this present appeal from the entry modifying the decree of divorce.

---

1. Unfortunately, the primary opinion of this court in *Kaechele* did not reflect the majority conclusion (which was stated in the concurring opinion). The majority holding of this court was essentially the same as that of the Supreme Court; namely, that an alimony award need not establish an equal standard of living. However, we found that, under the total circumstances, the award of alimony was so meager as to constitute an abuse of discretion, taking all factors (including the Brown–McNeely and other bonuses) into account.

By the sole assignment of error, plaintiff contends that the trial court failed to follow the mandate of the Ohio Supreme Court as it did not make specific findings of fact with regard to sustenance alimony.

When a case is remanded to a trial court from an appellate court, the mandate of that appellate court must be followed. As the court held in the syllabus of *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410:

"Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. * * * [Citation omitted.]"

Thus, on remand, the trial court in this case had no discretion in following the Supreme Court's specific mandate for findings of fact and conclusions of law, *and* disposition of the Brown–McNeely bonus.

The trial court properly followed the Supreme Court's directive regarding the disposition of the Brown–McNeely bonus. Specifically, the trial court's entry modifying decree of divorce reads in its entirety as follows:

"This cause was remanded to this Court by the Supreme Court of Ohio to make a disposition of the Brown–McNeely bonus. This Court finds that Defendant David P. Kaechele received a separate bonus (hereinafter 'Brown–McNeely bonus') in the amount of $52,250 in recognition of his participation in a reinsurance transaction in 1983 that was favorable to his employer, Physicians Insurance Company of Ohio (hereinafter 'PICO'). He was also entitled to receive a further Brown–McNeely bonus in the amount of $313,500, payable in six equal annual installments of $52,250, for each of the years 1987 through 1992 provided he remained employed by PICO and the reinsurance company remained solvent.

"This Court finds that the Brown–McNeely bonus, payments due 1987 through 1992 is potential additional income of the defendant for work already performed.

"Therefore, it is ORDERED as follows:

"1. That the defendant pay to plaintiff an amount equal to one-half of the Brown–McNeely bonus, payments 1987 and after, as sustenance alimony in addition to that ordered in the original Judgment of Divorce. The above payments shall be paid at the time payment(s) are received by David Kaechele.

"2. All other provisions in the Decree of Divorce remain in full force and effect as written."

The first sentence of the entry indicates that the trial court did not understand the mandate of the Ohio Supreme Court since the trial court stated its only mandate was "to make disposition of the Brown–McNeely

bonus." Although the trial court was to make a disposition of the Brown–McNeely bonus, it was also mandated to make "specific findings of fact and conclusions of law." The trial court failed to do so.

The rule of paragraph two of the syllabus in *Kaechele, supra,* is that " * * * the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Not only was the trial court required to make specific findings, but must make them in sufficient enough detail for a reviewing court to make a determination as to the equitableness of that determination. Here, the trial court not only failed to do so in the initial award but also failed to do so upon remand despite the specific mandate.

Unfortunately, the trial court did not set forth specific findings justifying either the amount of alimony previously awarded, the award of one-half of the Brown–McNeely bonus, or the combined award. Without specific findings by the trial court, this court has no basis whatsoever to review that determination. The record itself gives no clue as to why the trial court determined that it was appropriate under the circumstances to award plaintiff one-half of the Brown–McNeely bonus nor why this total award, including both the original and the addition, is appropriate or justified. It was exactly this situation that the Supreme Court sought to avoid by requiring trial courts to include sufficient details in their findings. Trial courts when determining sustenance alimony awards *must* set forth sufficient details to demonstrate the appropriate basis of their decision.

The parties are in disagreement as to whether there was a hearing prior to the modification, and the record does not provide the answer. If there were a hearing, there is nothing in the record to indicate what evidence, if any, was before the trial court. Therefore, this court must rely solely on the entry, which is completely lacking in detail since the trial court failed to comply with the mandate to make more specific findings of fact and conclusions of law.

Plaintiff contends that, without more detail either in the trial court's entry or in separate findings, she has no idea how much alimony she is to receive. This demonstrates one reason why the trial court must specify the award in detail.

Therefore, we must remand this case to the trial court to comply with the original mandate of the Supreme Court. In any event, the trial court has failed to comply with that part of the Supreme Court mandate which ordered the trial court to make "more specific findings of fact and conclusions of law." Accordingly, plaintiff's sole assignment of error is well-taken.

For the foregoing reasons, plaintiff's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domes-

tic Relations, is reversed, and this cause is remanded to that court with instructions to comply with the Supreme Court mandate and make more specific findings of fact and conclusions of law, and for such further proceedings as may be in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY and BRYANT, JJ., concur.