KAECHELE, Appellant,

v.

KAECHELE, Appellee.

[Cite as *Kaechele v. Kaechele* (1991), 72 Ohio App.3d 267.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1353.

Decided Jan. 24, 1991.

*Luper, Wolinetz, Sheriff & Neidenthal, Barry H. Wolinetz* and *Marya C. Kolman,* for appellant.

*Vorys, Sater, Seymour & Pease, Edgar A. Strause* and *Anne C. Griffin,* for appellee.

*Ishraq A. Hafiz,* for *amicus curiae,* Ohio National Organization for Women.

WHITESIDE, Judge.

Plaintiff-appellant, Sharon Kaechele, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises the following three assignments of error:

"I. The meager and inadequate award of sustenance alimony to plaintiff constituted an abuse of discretion.

"II. The trial court erred in denying plaintiff-appellant's request for an award of attorney fees.

"III. The trial court erred in adopting defendant-appellee's statement of facts with no apparent consideration of plaintiff-appellant's proposed findings of facts nor any independent review of the record."

This case comes to this court for the third time in the wake of extensive judicial proceedings. Briefly, the facts indicate that the parties were divorced on March 4, 1986, and plaintiff was awarded, *inter alia*, $2,200 per month as sustenance alimony. Upon plaintiff's appeal to this court, we held that the trial court had abused its discretion regarding the amount of alimony awarded and, consequently, vacated the trial court's judgment on that issue. See *Kaechele v. Kaechele* (Nov. 13, 1986), No. 86AP–263, unreported, 1986 WL 13922 (*"Kaechele I"*).

Defendant then appealed to the Ohio Supreme Court. In *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, the Supreme Court affirmed, as modified, this court's opinion, stating, in part, that to the extent this court suggested that an equal standard of living must be established by an alimony award, this court erred, and the judgment must be modified accordingly. The Supreme Court then remanded the cause to the trial court for more specific findings of fact and conclusions of law, and for disposition of a bonus to which defendant was entitled through his employment.

On remand, the trial court disposed of the Brown–McNeely bonus by awarding one-half of the amount to plaintiff as additional sustenance alimony, but failed to make more specific findings of fact and conclusions of law. Plaintiff filed a second appeal from that decision, and this court, in *Kaechele v. Kaechele* (1989), 61 Ohio App.3d 159, 572 N.E.2d 218 (*"Kaechele II"*), remanded the cause once again to the trial court with instructions to follow the mandate of the Supreme Court of Ohio and make more specific findings of fact and conclusions of law.

On this second remand, after submission by both parties of proposed findings of fact and conclusions of law, the trial court by reference expressly adopted *in toto* those findings of fact submitted by defendant. In its conclusions of law, the trial court reinstituted the alimony award granted in

the original judgment, as modified by distribution of the Brown–McNeely bonus. From that decision, plaintiff filed the instant appeal.

■ By her first assignment of error, plaintiff contends that the trial court erred in awarding the same amount of sustenance alimony on remand as it did in the original divorce decree, inasmuch as this court, in the prior case, specifically held that the amount of the award constituted an abuse of discretion and reversed the decision of the trial court on that issue. Specifically, this court stated in *Kaechele I* that the trial court "* * * abused its discretion as to the periodic alimony payments." *Kaechele I.* Upon review of that decision, the Supreme Court of Ohio affirmed the judgment of this court, although it modified the language somewhat to eliminate the suggestion that an alimony award must establish an equal standard of living for the parties involved. When the case reached this court again in *Kaechele II*, we stated in our discussion of the prior decision that we had found in *Kaechele I* that "* * * the award of alimony was so meager as to constitute an abuse of discretion, taking all factors (including the Brown–McNeely and other bonuses) into account." *Kaechele II*, 61 Ohio App.3d at 161, 572 N.E.2d at 219. We also stated that the Supreme Court had affirmed this court's vacation of the sustenance alimony award although it had remanded the cause to the trial court for more specific findings of fact and conclusions of law and for disposition of the Brown–McNeely bonus.

The central question presented by this assignment of error is whether the trial court failed to heed this court's directive as affirmed by the Supreme Court of Ohio that the amount of alimony awarded to plaintiff must be reexamined in light of all circumstances under the standards announced by this court and the Supreme Court. Both plaintiff and defendant focus on whether the trial court abused its discretion in originally awarding $2,200 per month in sustenance alimony, in accordance with the factors enumerated in R.C. 3105.18: plaintiff lists each factor in light of the evidence presented and argues how each factor demonstrates that the alimony award was too meager, while defendant merely compares plaintiff's post-divorce income, including the alimony award and the Brown–McNeely bonus, with defendant's post-divorce income and contends that the trial court did not abuse its discretion.

That issue, however, has already been decided. As we stated above, this court specifically held in *Kaechele I* and *Kaechele II* that the alimony award was set aside since it constituted an abuse of discretion. Defendant contends that the Supreme Court's failure expressly to state that the alimony award of $2,200 per month was an abuse of discretion essentially validated the trial court's award. Since we expressly held to the contrary in *Kaechele II*, we find that the doctrine of "law of the case" is dispositive of this issue.

The "law of the case" doctrine was explained by the Supreme Court in *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, at 3, 11 OBR 1, at 2, 462 N.E.2d 410, at 412, as follows:

"Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 730 [146 N.E. 291, 292], reversed on other grounds *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio St. 101 [3 O.O. 138, 196 N.E. 888]; *Gottfried v. Yocum* (App.1953), 72 Ohio Law Abs. 343, 345 [58 O.O. 446, 447, 133 N.E.2d 389, 391].

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman, supra* [111 Ohio St.] at 730–731 [146 N.E. at 292–293]. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. See *State, ex rel. Potain, v. Mathews* (1979), 59 Ohio St.2d 29, 32 [13 O.O.3d 17, 18, 391 N.E.2d 343, 345].

"In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * *" (Citations omitted.) See, also, *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 160–161 [519 N.E.2d 390, 393–394]."

Applying the foregoing to the facts before us, we find that the trial court erred by failing to apply this court's decision in *Kaechele II* that the prior decision in *Kaechele I*, as modified by the Supreme Court, specifically held that the amount of alimony awarded to plaintiff, to wit: $2,200 per month, was insufficient. Having considered only the original transcript of proceedings, the trial court on remand was confronted with the identical facts and issues that were involved in the prior appeals and was thus bound to adhere to our determination of the applicable law. *Nolan, supra.* No new evidence was adduced.

Defendant argues that since the Supreme Court did not affirmatively hold that the trial court abused its discretion in setting alimony at $2,200, then necessarily the trial court's decision as to the amount was not deemed erroneous. However, the Supreme Court *affirmed* the decision of this court in *Kaechele I*, although it ordered the trial court to make specific findings of fact and conclusions of law. The Supreme Court also stated that, contrary to

the holding of the apparent opinion of this court in *Kaechele I*, the amount of alimony awarded did not have to place the parties in complete economic equality; nevertheless, the court did *not* hold that this court's decision was therefore reversed on the issue of whether the alimony awarded was sufficient, and our holding that the award was error remains unchanged.

■ Furthermore, although the trial court technically followed the mandate of the Supreme Court and of this court on remand by making findings of fact and conclusions of law, upon review of the entire record before us, we hold that the findings of fact promulgated by the trial court do not support a monthly alimony award of only $2,200 and that the trial court thus abused its discretion as to alimony. More particularly, in several germane areas, the trial court's findings of fact are so slanted and misleading as to be against the weight of the evidence, which is the direct result of the trial court's adopting findings of fact written by the prevailing party rather than considering the issues and writing its own findings using those suggested by the parties as a guide. Thus, unfortunately, the decision of the trial court must again be reversed on the issue of alimony.

Turning first to the findings of fact pertaining to defendant's earning ability, in its third finding of fact, the trial court adopted defendant's suggestion that defendant's average base salary for the years 1983 through 1986 was $86,163.75. Even if that be mathematically correct, the trial court failed to mention the very salient fact that during those four years, defendant's salary rose steadily from $74,900 in 1983 to a base salary at the time of trial of $99,110. The trial court's finding reflects defendant's average base earnings only for those four years and fails to project defendant's earning capacity and does not take into account bonuses which were earned and received during those years. Essentially, the trial court failed to make a finding as to defendant's expected future income in light of his present earnings and, given the dearth of income-producing assets awarded to plaintiff, defendant's earning capacity is an important consideration when determining the amount of sustenance alimony to be awarded. We note that there is no indication that his salary will not continue to rise at the same rate that it did between 1983 and 1986. The third finding of fact, then, does not constitute evidence which supports the trial court's award of $2,200 in monthly sustenance alimony.

In the fourth finding of fact, the trial court adopted defendant's suggestion that " * * * [b]ased on the 9/30/85 financial statement, PICO would not meet its financial goals for 1985 in order to pay an executive incentive bonus." While not an inaccurate statement, the finding nonetheless fails to include the testimony of the president of PICO wherein he opined that, in his best judgment, the 1985 bonus would be paid. Thus, the fourth finding of fact

presents an understated and misleading view of a likely source of part of defendant's future income.

In the same respect, plaintiff's salary potential and/or job future were made to appear by the trial court as more financially secure than the evidence suggests. In finding of fact number seven, the trial court adopted defendant's suggestion that plaintiff, a parttime processor with Marcoin Management Company at the salary of $5.25 an hour, could potentially make additional money depending on the type and complexity of the tax returns she completed. However, based on testimony from the office manager of Marcoin Management Company, the extra money would be paid only if the extra work done were not duplicative of work already considered in the basic hourly fee. Moreover, the trial court made no finding as to plaintiff's earning capacity, just as it failed to determine defendant's earning capacity. Vague, generalized statements that plaintiff "can make additional money" do not support the meager monthly alimony award granted to plaintiff.

The trial court, in its eighth finding of fact, adopted defendant's suggestion that plaintiff typically works approximately eighty-eight hours a month, but that she could work more hours if she wanted to do so. What the trial court failed to mention is that all of the employees in plaintiff's position at Marcoin Management are considered permanent parttime; that plaintiff has no potential for advancement; that her office manager testified that plaintiff's continued employment with Marcoin Management was far from certain given plaintiff's past problems; that a computer purchased for the company would eventually reduce processing time, thereby inferentially reducing the need for staff at plaintiff's level; and that the company's goal for employees in plaintiff's position is only twelve to fourteen eight-hour working days per month per employee.[1] The eighth finding of fact is thus misleading and presents a distorted, exaggerated view of plaintiff's job potential at Marcoin Management.

By its ninth finding of fact, the trial court adopted defendant's suggestion that plaintiff had graduated from beauty school, had taken some college courses and had worked as a beautician while married to the defendant, making "decent money." However, the evidence indicates that plaintiff has not completed even one full quarter of college credits. Furthermore, she has not worked as a beautician for more than twenty years, she no longer has her beauty operator's license, and the chemicals she used while working as a beautician caused her some skin problems. In essence, her future in cosmetology is speculative at best. Hence, it is clear that the trial court's findings of

---

1. Even if plaintiff worked fulltime at her hourly rate, she would earn only $10,920 annually.

fact pertaining to plaintiff's job potential are slanted and misleading and do not provide a proper basis for the alimony award.

We also find that the adopted fourteenth finding of fact is improper. The trial court adopted defendant's suggestion therein that "[p]laintiff considers herself to be in good health." The statement reflects only plaintiff's opinion as to her health status and is an inappropriate finding of fact. Although the fifteenth finding of fact does go on to note that plaintiff has a "degenerative back problem," it is likewise inappropriately slanted to support defendant's position.

In finding of fact number twenty-six, the trial court adopted defendant's suggestion that the parties had " * * * enjoyed a comfortable, but not extravagant, standard of living * * *," but that money became very tight during 1983 and 1984 before the parties were separated. Defendant offers no explanation for this phenomenon; however, he emphasizes the point in his brief and at trial, presumably to show that plaintiff is entitled to less alimony than she seeks because the parties' standard of living at the time the marriage disintegrated was less than plaintiff had projected. Nevertheless, the evidence indicates that defendant's salary during this time period was not decreasing but was, in fact, rising. Furthermore, neither party testified that there were added expenses during this time period or that a large debt was incurred. In fact, the only relevant testimony which may explain this apparent drop in the parties' standard of living immediately prior to defendant's leaving the house was that of plaintiff, who testified that, during this time period, the woman who was then defendant's secretary and who later became his wife had taken charge of the parties' household budget and checkbook. While we do not find that defendant made deliberate misstatements during trial as to the parties' finances during that time, we believe that the circumstances are questionable enough so as to make the parties' decreased standard of living during that relatively short time period of minor import to the overall award of alimony.

Finally, by its twenty-ninth finding of fact, the trial court adopted defendant's suggestion that " * * * plaintiff's reasonable monthly expenses necessary in order to maintain the standard of living established during the marriage are $2,200 per month." The trial court then awarded monthly alimony in that precise amount. We find this finding deficient for two reasons. First, assuming that plaintiff's monthly needs are $2,200, as stated by the trial court, then the award of $2,200 per month would actually be too high, as it fails to take into account plaintiff's earnings.

Second, plaintiff testified that the amount of money she needed to remain in the house and maintain the standard of living to which she had become

accustomed was approximately $4,650. Presumably, that figure represents the amount needed in after-tax dollars. The trial court awarded plaintiff only $2,200 per month, which amount presumably represents before-tax dollars. In after-tax dollars, the sustenance alimony award, at a federal tax rate of only fifteen percent plus state and local taxes would amount to about $1,760 per month.[2]

The trial court also awarded to plaintiff one-half of the amount of the Brown–McNeely bonus to which defendant was entitled for the years 1987–1992. However, the trial court made no specific findings of fact regarding disposition of the bonus, and it is unclear how the award of the bonus impacts upon the sustenance alimony awarded, *i.e.*, whether it is too high or too low in conjunction with the monthly alimony. Essentially, although the trial court labeled the award as additional sustenance alimony, disposition of the bonus was more like a property division.

Defendant argues the sustenance alimony awarded, in combination with the Brown–McNeely bonus and plaintiff's potential income, is more than adequate to support plaintiff. While it is true that plaintiff would not be living in poverty with the trial court's award, defendant's argument fails to take into account plaintiff's monthly needs to maintain her standard of living as indicated by her uncontroverted testimony. On cross-examination, plaintiff was questioned as to nearly every category she had included when calculating a total monthly need amount of $4,650. Two of the categories, car payment and attorney fees, may provide a basis for future modification of the alimony award as both are limited in scope and duration. Moreover, the trial court could properly discount two other categories, clothing and miscellaneous, since plaintiff was unsure how much of the amounts listed was incurred by her or how much was incurred by her daughters. However, even allowing plaintiff only one-third of the amounts listed in those two categories as her portion (assuming the other two-thirds are the daughters' expenses), reduces plaintiff's total monthly needs by only $600, as follows: plaintiff testified that her monthly clothing needs are $363.38 and her monthly miscellaneous expenses are $521.74, for a total of $885.12. Giving plaintiff credit for only one-third of that amount, or approximately $300, reduces plaintiff's total monthly expenses to $4,050.[3] The trial court's award of $2,200 per month, even when

---

**2.** Even if plaintiff's earning capacity is added, the finding of a need of only $2,200 per month is totally unsupported by the evidence.

**3.** This amount does not include any provision for payment by plaintiff of her attorney fees which would necessarily increase her need amount if no award for attorney fees be made in addition to sustenance alimony.

added to plaintiff's earning capacity, is far from sufficient to meet plaintiff's monthly expenses as established by her uncontradicted testimony, more than $5,000 pre-tax income being necessary to meet such after-tax expenses.

For the foregoing reasons, we find that this court has twice previously held that the alimony awarded to plaintiff in the original divorce decree of $2,200 per month was so low as to constitute an abuse of discretion; that the Supreme Court remanded the case for findings of fact but did not reverse or modify this court's finding that the alimony award is inadequate; that the trial court's findings of fact, as discussed above, were not supported by competent, credible evidence of the true condition of the parties' financial picture; and that the trial court thus abused its discretion in awarding plaintiff only $2,200 per month in alimony. We find this despite the trial court's disposition of the Brown–McNeely bonus, which the court did not relate to sustenance alimony and which is not immediately payable. Accordingly, plaintiff's first assignment of error is well taken.

■ By her second assignment of error, plaintiff contends that the trial court erred in denying her request for an award of attorney fees. Pursuant to R.C. 3105.18, an award of attorney fees can be made as part of the alimony award. *Lee v. Lee* (1983), 10 Ohio App.3d 113, 10 OBR 137, 460 N.E.2d 710. In light of our holding in the first assignment of error that the amount of alimony awarded plaintiff is so low as to constitute an abuse of discretion, which is consistent with our decisions in the prior two *Kaechele* cases, we find that the trial court erred in neither awarding attorney fees as part of alimony, nor increasing the amount of alimony so as to make it more possible for plaintiff to pay her own attorney fees. Therefore, on remand, the trial court should consider plaintiff's attorney fees when determining a reasonable amount of alimony to be awarded to plaintiff. The second assignment of error is well taken.

■ By her third assignment of error, plaintiff argues that the trial court erred in adopting the proposed findings of fact submitted by defendant as its own without independently reviewing the record. Plaintiff contends that the trial court failed to carefully scrutinize the proposed findings of fact before crossing out the word "proposed" in filing the very document submitted by defendant as its own.

As a general rule, we must find that such blanket adoption of a party's proposed findings of fact breeds error and reversal. While this practice does not constitute error *per se,* it is a poor policy and should not be practiced.

This is especially true in cases such as this, where there are forty-six such findings of fact pertaining to issues which are capable of subjective interpretation. Only if the findings of fact are supported by competent, credible evidence has no error occurred even though the trial court without comment adopted one party's biased analysis of the evidence as findings of fact.

The basis of this assignment of error is not that the findings of fact are against the weight of the evidence, but rather, that many are so slanted and omit important details as to be unreasonable. Inasmuch as those findings of fact which are not supported by competent, credible evidence have been considered in the first assignment of error, we cannot find that the trial court abused its discretion as a matter of law simply by adopting every finding of fact submitted by defendant. Accordingly, plaintiff's third assignment of error is not well taken.

For the foregoing reasons, the first and second assignments of error are sustained, the third assignment of error is overruled, the judgment of the Franklin County Common Pleas Court, Division of Domestic Relations, is reversed, and this cause is hereby remanded to that court for further proceedings consistent with law and with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and HANDWORK, JJ., concur.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting by assignment.