KAECHELE, Appellant,

v.

KAECHELE, Appellee.

[Cite as *Kaechele v. Kaechele* (1992), 83 Ohio App.3d 468.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-533.

Decided Nov. 5, 1992.

*Luper, Wolinetz, Sheriff & Neidenthal* and *Barry H. Wolinetz,* for appellant.

*Vorys, Sater, Seymour & Pease, Edgar A. Strause* and *Michael R. Thomas,* for appellee.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Sharon E. Kaechele, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding her $2,700 in sustenance alimony, and making no award of attorney fees.

This case is before the court for the fourth time. The parties were divorced on March 4, 1986 and plaintiff was awarded, among other things, $2,200 per month as sustenance alimony. Plaintiff appealed to this court, which held that the trial court abused its discretion in the amount of sustenance alimony awarded. See *Kaechele v. Kaechele* (Nov. 13, 1986), Franklin App. No. 86AP–623, unreported, 1986 WL 13922 (*"Kaechele I "*). On appeal to the Ohio Supreme Court, that court affirmed, as modified, this court's opinion in *Kaechele I* and remanded the case to the trial court for more specific findings of fact and conclusions of law, and for disposition of the Brown–McNeely bonus to which defendant was entitled through his employment. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.

On remand, the trial court disposed of the Brown–McNeely bonus, but failed to make the required findings of fact and conclusions of law. As a result, plaintiff filed a second appeal, and in *Kaechele v. Kaechele* (1989), 61 Ohio App.3d 159, 572 N.E.2d 218 (*"Kaechele II"*), this court remanded the matter to the trial court with instructions to issue the findings of fact and conclusions of law mandated by the Ohio Supreme Court.

On remand, the trial court by reference adopted in their entirety the findings of fact and conclusions of law submitted by defendant-appellee, David P. Kaechele. In so doing, the trial court reinstated the original alimony award of $2,200.

Plaintiff appealed therefrom, and in *Kaechele v. Kaechele* (1991), 72 Ohio App.3d 267, 594 N.E.2d 641 ("*Kaechele III*"), this court again held that the trial court's award of alimony was an abuse of discretion, we reversed the judgment of the trial court, and remanded the cause for further proceedings.

On remand, the trial court modified its factual findings, except as to defendant's projected income, to include findings in accordance with the opinion of the court of appeals in *Kaechele III;* it modified the sustenance alimony award to $2,700; and it refused to award attorney fees. Plaintiff appeals therefrom, assigning the following errors:

"I.   The trial court erred as a matter of law and abused its discretion in failing to conform its opinion upon remand to the mandate of this court regarding plaintiff's need for additional spousal support.

"II.   The trial court erred as a matter of law and abused its discretion in failing to award plaintiff any spousal support as an award of attorney fees."

While plaintiff's assignments of error challenge both the amount of the trial court's sustenance alimony award as well as the failure to award attorney fees, the narrow issue presented by plaintiff's appeal is whether the trial court has followed the mandate of this court in *Kaechele III*.

*Kaechele III* represents the "law of the case," which means that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412. As we noted in *Kaechele III*, " ' * * * the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * * In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * ' " *Id.*, 72 Ohio App.3d at 271, 594 N.E.2d at 643–644, citing *Nolan.*

In *Kaechele III* we noted that this court had twice previously held that the alimony award to plaintiff of $2,200 per month pursuant to the 1986 divorce proceedings was so low as to constitute an abuse of discretion, despite the trial court's disposition of the Brown–McNeely bonus, which the trial court related to sustenance alimony.

Moreover, in discussing the trial court's findings of fact and conclusions of law, this court specifically determined in *Kaechele III* that the trial court's twenty-ninth finding of fact was deficient. Specifically, in *Kaechele III* we held that the

amount of money plaintiff needed to remain in the marital home and maintain the standard of living to which she had become accustomed was approximately $4,650. Even taking into account defendant's assertions with respect to plaintiff's monthly needs, we found that plaintiff's total monthly expenses were $4,050, excluding payment of plaintiff's attorney fees. Thus, we held that "[t]he trial court's award of $2,200 per month, even when added to plaintiff's earning capacity, is far from sufficient to meet plaintiff's monthly expenses as established by her uncontradicted testimony, more than $5,000 pre-tax income being necessary to meet such after-tax expenses." *Kaechele III*, 72 Ohio App.3d at 275–276, 594 N.E.2d at 647.

■ Coupling the law of the case with the trial court's adopting the findings as set forth by this court in *Kaechele III*, an award of $2,700 in sustenance alimony is an abuse of discretion. The trial court's adding $500 to the $2,220 alimony award already determined to be inadequate is not even close to meeting plaintiff's monthly expenses which, by adopting this court's findings, the trial court determined to be approximately $4,000 per month. Nor does consideration of the Brown–McNeely bonus render the trial court's award reasonable, as this court noted in *Kaechele III* that the Brown–McNeely bonus is more in the nature of a division of property.

■ The remaining issue, then, is whether to remand the case to the trial court for further proceedings, or to enter judgment pursuant to App.R. 12 in accordance with the prior opinions of this court. Given the tortured history of this case, as related herein, application of App.R. 12 is appropriate. Indeed, the parties suggest that subsequent events will require immediate modification of whatever sustenance award ultimately is made with respect to the parties' 1986 divorce. In light of those assertions, the alimony award as of 1986 needs to be established, based on the facts presented at that time. In an effort to accomplish that end, and so that the case then may proceed to whatever modifications may be appropriate, we take the opportunity provided by App.R. 12 to establish plaintiff's sustenance alimony.

■ Plaintiff has suggested an award of sustenance alimony in the amount of $3,500; defendant has offered no suggestion other than that the $2,700 in sustenance alimony awarded by the trial court is sufficient. While $3,500 is less than plaintiff's monthly expenses, as discussed in *Kaechele III* and adopted by the trial court on remand, the amount is reasonable in light of the facts and circumstances herein. Cf. *Kaechele I*. Since that amount lies within the realm of discretion under the facts and circumstances of this case, plaintiff's sustenance alimony is set at $3,500 per month.

In accordance with the foregoing discussion, and based on the law of the case as set forth in *Kaechele III*, plaintiff's first assignment of error is sustained, the award of sustenance alimony by the trial court is determined to be an abuse of discretion, and plaintiff is awarded sustenance alimony in the amount of $3,500 per month.

In her second assignment of error, plaintiff asserts that the trial court erred in failing to award attorney fees. Plaintiff suggests that, in addition to $3,500 per month in sustenance alimony, she be awarded $325 per month for attorney fees for the period from March 4, 1986 through January 24, 1991. However, given the award of sustenance alimony made herein, as well as the division of property, the trial court's failure to award attorney fees is not an abuse of discretion. Indeed, considering the facts as of 1986, the Brown–McNeely bonus represents a substantial award to plaintiff, which provides plaintiff ample funds with which to pay her attorneys. While an award of fees also may have been reasonable, the failure to do so under the facts herein is not reversible error.

We note, again, that the awards herein are based on the evidence adduced in the 1986 hearing. While the parties have suggested additional facts which they assert will require modification of the awards herein, we consider only the facts as of 1986 in establishing the award properly made at the time of the parties' divorce in 1986. Any subsequent events which would support modification of any branch of the trial court's award are properly dealt with in modification proceedings.

Given the foregoing, plaintiff's second assignment of error is overruled.

Having overruled plaintiff's second assignment of error, but having sustained the first assignment of error, we affirm that portion of the trial court's judgment with respect to attorney's fees, but vacate the judgment with respect to sustenance alimony, and remand with instructions for the trial court to enter an award of sustenance alimony in accordance herewith.

*Judgment affirmed in part,*
*vacated in part*
*and cause remanded.*

McCORMAC and DESHLER, JJ., concur.