SHULTON, INC., APPELLEE, *v.* COLUMBUS VITAMIN & COSMETIC DISTRIBUTORS, INC., APPELLANT.

(No. 6342—Decided March 8, 1960.)

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. James A. Gorrell,* for appellee.

*Messrs. Mendelsohn, Krotinger & Lane* and *Mr. Max I. Ziskind,* for appellant.

DUFFY, J. An action was commenced by the plaintiff, appellee herein, a New Jersey corporation engaged in the business of producing commodities commonly referred to as cosmetics, under the provisions of Sections 1333.27 to 1333.34 of the Re-

vised Code of Ohio (Ohio Fair Trade-Minimum Resale Prices Act). The petition asks for damages and injunctive relief to prevent the alleged wrongful acts by defendant, appellant herein, who was selling plaintiff's products at less than minimum retail resale prices established by it, pursuant to contracts made under provisions of the act, with other sellers of their products.

The trial court allowed a temporary restraining order enjoining the defendant from selling plaintiff's products at less than the minimum prices established by it, and from the overruling of a motion to dissolve this temporary restraining order the defendant has appealed.

The plaintiff has made a motion to dismiss the appeal as not being a final order, and questions the jurisdiction of this court to hear the appeal. Both parties have briefed the question dealing with the right to appeal from the overruling of a motion to dissolve a temporary restraining order, and, while there appears to be some confusion in this field of law, our review of all the cases cited leads us to believe that the order is appealable for the reason that injunctive relief alone is not sought in this case. *Burke* v. *Railway Co.*, 45 Ohio St., 631; *Robnet* v. *Miller*, 105 Ohio App., 536; *Wioland* v. *Mayflower Motors, Inc.*, 80 Ohio App., 310; and *Hersch* v. *Home Savings & Loan Co.*, 59 Ohio App., 145.

The problem has been thoroughly discussed in the three Ohio appellate decisions cited, and a further discussion of the problem would probably be of little value.

The right of the defendant to appeal having been decided, we now come to the question of whether the trial court abused its discretion in the overruling of a motion to dissolve the restraining order. In view of the Supreme Court's opinion in the case of *Union Carbide & Carbon Corp.* v. *Bargain Fair, Inc.*, 167 Ohio St., 182, the constitutionality of the newly enacted "Ohio Fair Trade Act" will be questioned when this case is heard on the merits, but the trial court, in considering the temporary restraining order, had before it only the petition and the affidavit of an agent of the plaintiff corporation. The "bill of exceptions" filed in this case consists mainly of the discussion between the trial judge and the attorney for the defendant. It is apparent that the trial court had few facts on which to exer-

cise its discretion, but "* * * unless there is a plain abuse of discretion on the part of trial courts, in the granting or refusing injunctions, reviewing courts will not disturb such judgments." *Perkins* v. *Village of Quaker City*, 165 Ohio St., 120, at page 125.

While counsel presented strong arguments on behalf of his motion to dissolve the restraining order, it is apparent that no further facts were presented to the trial judge for his consideration, and we cannot say, as a matter of law, that he did abuse his discretion. The "bill of exceptions" filed in the case indicates that the trial judge felt that a temporary restraining order could be granted under the provisions of Section 1333.32 of the Revised Code, but our review of the statute leads us to believe that injunctive relief under that section could be granted only after a hearing on the merits.

However, the basis for the granting of the restraining order is not clear, as the general power of the court to grant restraining orders and injunctions also came into the discussion between counsel and the court and irreparable harm was alleged in the petition and affidavit. In the absence of a showing of an abuse of discretion, the judgment will be affirmed.

The case is referred to the Court of Common Pleas for further proceedings according to law.

*Judgment affirmed.*

BRYANT, P. J., and McLAUGHLIN, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.