SWAN MANUFACTURING CO., APPELLEE, *v.* JONES, APPELLANT.

[Cite as Swan Mfg. Co. v. Jones, 4 Ohio App. 2d 161.]

(No. 7621—Decided April 7, 1964.)

TROOP, J. This appeal is from an order of the Common Pleas Court of Franklin County overruling a motion of the defendant in the trial court, appellant herein, for an order dissolving a temporary injunction previously granted by the court.

Swan Manufacturing Company, plaintiff in the trial court and appellee herein, filed an action against the defendant for the breach of an employment contract, asking damages, a temporary restraining order and then a permanent injunction. The petition was filed on November 12, 1963, and a temporary injunction was issued on November 23, 1963. The order was attacked by appropriate motions, and then, on January 29, 1964, defendant filed his answer in the cause and on the same day the court disposed of the attack on the restraining order by overruling an application of the defendant for rehearing on his

motion to dissolve the temporary injunction. The court, on January 24, 1964, had overruled the motion to dissolve.

Defendant's appeal is on questions of law and fact from the order of the court entered January 24, 1964. Plaintiff filed a motion to dismiss the appeal, urging as a reason that the order from which the appeal is taken is not a final order. The motion to dismiss the appeal is on for decision.

The sole question raised by this motion, and to be decided, is whether the order of the Common Pleas Court from which appeal is taken is a final appealable order. This court, then of the Second Appellate District, gave attention to the problem in *Coles* v. *Alpha Publishing Co.* (1935), 19 Ohio Law Abs. 617, following the case of *Jones, Treas.; v. First National Bank of Bellaire* (1931), 123 Ohio St. 642, quoting the syllabus as follows:

" 'An order of the Court of Common Pleas overruling a motion to vacate a temporary injunction in a suit in which the ultimate relief sought is an injunction, is neither a judgment nor a final order which may be reviewed by the Court of Appeals on a petition in error.' "

The court, in the *Jones case,* followed an earlier decision of the Supreme Court in *May Co.* v. *Bailey Co.* (1910), 81 Ohio St. 471, in which the rule announced relates directly to the granting of the temporary injunction itself as distinguished from a ruling on a motion attacking the injunction. The syllabus is as follows:

"An order of the Court of Common Pleas granting a temporary injunction in a suit in which the ultimate relief sought is an injunction, is not either a judgment or a final order which may be reviewed by the Circuit Court on petition in error."

At this point, with only the above cited cases for consideration, it would seem that a solution to the problem, raised by plaintiff's motion to dismiss, would come quickly. Our case is more complicated than the cited cases, however, since the prayer in plaintiff's petition seeks not only a permanent injunction but damages as well. In the *Coles, May Co.,* and *Jones cases, supra,* the ultimate relief sought was only a permanent injunction.

Because both legal and equitable relief is sought here, attention must be given to two more recent decisions in this court.

In the case of *Robnet* v. *Miller* (1957), 105 Ohio App. 536, and that of *Shulton, Inc.,* v. *Columbus Vitamin & Cosmetic Distributors, Inc.* (1960), 113 Ohio App. 550, the positions taken by the court must be recognized and appraised.

First in time is the *Robnet case,* in which the prayer in the petition sought relief by way of six separate requests encompassing both legal and equitable sources. Two motions were before this court for decision, one being a motion to dismiss the appeal because it was predicated upon an order overruling a motion to dissolve a temporary injunction. This court held that such an order was a final order and, therefore, appealable.

It should be noted that, in the *Robnet case,* the plaintiffs in the trial court alleged fraud and sought all manner of relief, and that the action was brought against eight defendants, only one of whom filed the motion to dissolve the temporary injunction, which injunction order had restrained all the defendants. The court suggests three cases as providing the basis for its decision, as follows: *Burke* v. *Railway Co.* (1888), 45 Ohio St. 631; *Chicago, St. Louis & Pittsburg R. R. Co.* v. *City of Hamilton* (1888), 3 C. C. 455; and *Hersch* v. *Home Savings & Loan Co.* (1938), 59 Ohio App. 145.

The report of the decision in the *Burke case* contains no statement as to basic facts. It appears to resolve essentially the same question presented in the *Jones case,* decided in 1931, and the latter case is, therefore, controlling. The *Chicago, St. Louis & Pittsburg R. R. Co. case* is of the same vintage. It is different from the *Burke case,* in that the order from which appeal was taken was one dissolving a temporary injunction. Paragraph one of the syllabus is as follows:

"An order of the Court of Common Pleas, dissolving a temporary injunction, is reviewable on error before the final disposition of the case in said court."

The peculiar procedural pattern of the latter case, suggested by the language found in paragraph two of the syllabus, indicates the circumstances which may have produced the result reached by the court. Paragraph two is as follows:

"Where the essential statements of the petition on which the temporary injunction was obtained, are denied by the answer, and a motion is made to dissolve such injunction, and at the hearing, the only evidence offered by the defendant was its an-

swer, read as an affidavit, and the only evidence offered by the plaintiff was its petition read as an affidavit, the burden of proof to maintain such injunction was on the plaintiff:—and where the court dissolved it on the evidence, the reviewing court will not reverse such judgment unless it clearly appears that the decision was against the weight of the evidence, which does not appear in this case.''

The *Hersch case* is a later decision. It, too, has a unique flavor. It, too, involves an appeal from an order dissolving a temporary restraining order which had enjoined a defendant from evicting the plaintiff who filed an action to secure specific performance of a contract to convey the premises he occupied. Comparable in fact pattern, although it is concerning personal property rather than real, and alike in the order from which appeal was taken, is the case of *Wioland* v. *Mayflower Motors, Inc.* (1947), 80 Ohio App. 310, upon which this court also relies in the *Robnet case, supra.*

If the *Burke case, supra,* is the same in fact pattern as the *Jones case, supra,* then the later case is controlling and provides the rule to be followed in the instant case where the fact pattern is similar. The other cases furnishing the rule of law in the *Robnet case, supra,* are distinguishable on facts from the *Jones case,* and from the instant case. Each has an element of urgency that demands attention at first glance, as does the *Robnet case,* and a suggestion that ultimate justice will best be served by following the earlier line of authority. It is noted also that the rulings on the motions to dissolve were contra to the one herein, whatever significance that may have.

The trial court overruled a motion to dissolve a temporary restraining order in the *Shulton case, supra,* which was the basis of the appeal. A petition had been filed in the trial court praying for damages and injunctive relief. This court said, at page 551, that the order refusing to dissolve the injunction was ''appealable for the reason that injunctive relief alone is not sought in this case.'' In the instant case, as in the *Shulton case,* the plaintiff seeks damages and injunctive relief, which would seem to make the rule in that case applicable here. This court did not, however, reverse the judgment of the trial court in the *Shulton case,* and in sending the case back to the trial court for further proceedings according to law held, as follows:

"'* * * unless there is a plain abuse of discretion on the part of trial courts, in the granting or refusing injunctions, reviewing courts will not disturb such judgments.'"

This quotation, appearing at page 552, is from the syllabus in *Perkins* v. *Village of Quaker City* (1956), 165 Ohio St. 120. In the *Perkins case,* the court was concerned with a permanent injunction, while in the *Shulton case* only a temporary order was involved and the court's holding applied to a ruling on a motion to dissolve it. Recognizing the distinction and applying the rule in the *Perkins case,* the court found no abuse of discretion and did not disturb the temporary restraining order.

The rule of law announced in the *Jones case, supra,* is applicable in the instant case if we can find that "the ultimate relief sought is an injunction." The ramifications in fact patterns and the variance, or perhaps conflict, in rules, lead to the conclusion that the rule is applicable in the instant case unless it is disturbed by the allegation in the petition of the plaintiff, that by reason of the wrongful acts of the defendant, the plaintiff has sustained $100,000 in damage, which allegation is reflected in the prayer in which injunctive relief is also sought. While only one paragraph of ten in plaintiff's petition mentions damages, and the remaining nine paragraphs recite allegations upon which the equitable relief sought is predicated, the entire first cause of action alleges the contract of employment and the breach thereof. In this respect, this case differs from the *Robnet case, supra,* in which a variety of remedies were sought, all of somewhat comparable importance. The assertion of damage set out in the petition herein is general, totally unsupported by special fact, and the allegation suggests, as it is phrased, difficulty of proof, if not impossibility of proof. It appears, however, that the language employed states a cause of action sufficient to withstand demurrer, although it may be vulnerable to motion. While it may be argued that injunction is the "ultimate" relief sought, it is not the only relief sought as was in effect found to be true in the *Jones, Coles,* and *May Co. cases, supra.*

The opinion of the court in the *Robnet case, supra,* reviews at length the decisions in which our courts have dealt with actions in which relief other than, and along with, injunction is sought. It is apparent that when relief by way of injunction is

requested, along with other relief, the simple rule invoked in the cases such as the *May Co. case, supra,* is modified. Little assistance is gained from the other decisions in determining whether the temporary injunction, or the ruling on a motion directed to it, is a final order, by the use of such terms as "ultimate," "primary," "ancillary," and others, as applied to the relief sought.

The *Shulton case, supra,* dealt specifically with a petition seeking damages along with injunctive relief. This court held in that case that the overruling of a motion to dissolve a temporary restraining order is a final, appealable order, and in the absence of a showing of an abuse of discretion in granting the order, the judgment should be affirmed.

At the time of hearing in the instant case on the motion of the defendant to suspend the injunction during appeal, the court listened to extensive argument, including much that was directed to the merits of the case. The subsequent motion of plaintiff to dismiss the appeal, and the resulting time-consuming review of the whole matter, leads to the following orders.

The motion of the plaintiff to dismiss the appeal on questions of law and fact is sustained and the cause is retained as an appeal on questions of law only.

It is ordered that the motion to suspend the injunction be overruled and that the cause be remanded to the trial court for further proceedings, with the directive that the existing temporary restraining order be modified and limited, so as to restrain the defendant, Herbert M. Jones, from the violation of the specific items of the contract alleged to have been breached.

*Judgment accordingly.*

Duffy, P. J., and Bryant, J., concur.