SCHNEIDER, Appellee,

v.

SCHNEIDER, Appellant.

[Cite as *Schneider v. Schneider* (1989), 61 Ohio App.3d 164.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–024.

Decided Dec. 15, 1989.

*Peter L. Moran,* for appellee.
*Sharon L. Griffin,* for appellant.

HANDWORK, Presiding Judge.

This case involves an appeal from the Lucas County Court of Common Pleas, Domestic Relations Division.

By an order dated December 15, 1988, the parties herein were granted a divorce. While the parties were able to agree as to some issues involving custody, child support, visitation, and a partial property settlement, they could not resolve other issues. Therefore, after a hearing, the court ruled on such matters as alimony, court costs, and attorney fees.

Appellant, Robert W. Schneider, appeals from the December 15, 1988 order of the court as well as from a July 8, 1988 order which incorporated the agreement between the parties and set forth the court's rulings with regard to other custody, child support, and settlement issues. On appeal, appellant asserts three separate assignments of error which read as follows:

"1. The trial court erred in ordering and awarding to plaintiff-appellee sustenance alimony for a period of five (5) years.

"2. The trial court erred in ordering and awarding to plaintiff-appellee attorney fees designated as alimony and partial expenses of suit.

"3. The trial court erred in awarding to plaintiff-appellee a lump sum judgment on prior disputed order of the court."

In his first assignment of error, appellant argues that the trial court abused its discretion by awarding appellee sustenance alimony because an examination of the eleven factors noted in R.C. 3105.18(B) would reveal that appellee was not entitled to sustenance alimony. Furthermore, appellant contends that it is error for the trial court to award sustenance alimony without delineating the basis for the award so that the award may be reviewed by a superior court.

The trial court ordered appellant to pay appellee $100 each month for five years or until appellee's death, appellant's death, appellee's remarriage, or further order of the court. Appellee states that this award is based upon the following facts: appellant has a greater earning capacity; neither party has retirement benefits; appellee is terminally ill; the parties were married eleven years; there are no significant assets from the marriage; and marital funds were used to finance appellant's company. Appellant, on the other hand, indicates that he was forced into bankruptcy due to the divorce, that appellee was capable of earning a living as she had worked during the marriage, that both parties are equally capable of working, that neither party had retirement benefits, that appellee receives financial assistance from her parents, that the children did not need appellee to care for them since appellee's mother can do so while appellee works, that appellee had more education than appellant, that neither party had brought significant assets into the marriage, that the personal property was not significant and was equally divided between the parties, and that appellant shared the household duties while both worked during the marriage. Therefore, appellant concludes that these factors indicate that it was unnecessary for appellant to pay sustenance alimony to appellee.

While the trial court is given broad discretion regarding the determination of the need for and amount of sustenance alimony to be awarded, it must consider the statutory factors enumerated at R.C. 3105.18 and identify, with sufficient detail, the rationale behind the award so that a superior court may review the decision. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus. This holding appears to contradict the Supreme Court of Ohio's earlier position that a reviewing court will presume that the trial court considered these factors. *Cherry v. Cherry*

(1981), 66 Ohio St.2d 348, 355–356, 20 O.O.3d 318, 322–323, 421 N.E.2d 1293, 1299. See, also, *Russell v. Russell* (1984), 14 Ohio App.3d 408, 411, 14 OBR 526, 529–530, 471 N.E.2d 810, 814. In *Cherry,* the court stated that the party could ensure full review of the award by requesting findings of fact and conclusions of law pursuant to Civ.R. 52. *Cherry v. Cherry, supra,* at 356, 20 O.O.3d at 323, 421 N.E.2d at 1299. Some courts now require the trial court to specify its basis for the award. See *Kaechele v. Kaechele* (1989), 61 Ohio App.3d 159, 572 N.E.2d 218 (In *Kaechele II,* the appellate court remanded the case to the trial court because the trial court failed to set forth specific findings and sufficient details to support its decision as mandated by the Supreme Court of Ohio.); *Pitzer v. Pitzer* (Oct. 28, 1988), Portage App. No. 1869, unreported, 1988 WL 118000; and *Wiedamann v. Wiedamann* (Aug. 10, 1988), Hamilton App. No. C–870553 unreported, 1988 WL 83485. Cf. *Balliette v. Balliette* (Sept. 1, 1989), Portage App. No. 1958, unreported, 1989 WL 101644; *Williams v. Williams* (Oct. 19, 1989), Franklin App. Nos. 88AP–1143 and 88AP–1146, unreported, 1989 WL 125069. We conclude that the Supreme Court of Ohio now mandates that the trial court include within its judgment the basis for its award of alimony.

█ In the case *sub judice,* the court did not set forth the basis for its award. Upon a review of the transcript of the hearing, we find that only minimal evidence was presented as to the factors which assisted the court in determining a sustenance alimony award. Most of the hearing concerned the visitation rights of appellant. While there is other evidence in the record which discloses the financial statuses of the parties and other factors of the circumstances surrounding this marriage, we cannot identify from the court's opinion what facts were considered. Rather than second guess the trial court's analysis, we find that the better approach is to remand this case in order that the trial court may comply with the mandates of the *Kaechele* case by setting forth the basis for its decision.

Accordingly, we find appellant's first assignment of error well-taken in part. Because we are remanding the case to the trial court, we have not addressed that part of appellant's first assignment of error which asserts that the court abused its discretion in making the award since that issue is not ripe for review in light of the remand.

In his second assignment of error, appellant asserts that the trial court abused its discretion by awarding appellee her attorney fees incurred in connection with this action.

█ Both parties correctly acknowledge that the trial court has broad discretion to award attorney fees in a divorce proceeding after considering the relative financial status of each party and the factors listed at R.C. 3105.18(B).

*Blum v. Blum* (1967), 9 Ohio St.2d 92, 38 O.O.2d 224, 223 N.E.2d 819; and *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 89–90, 2 O.O.3d 65, 68, 355 N.E.2d 894, 898. Appellant argues, however, that appellee is in a better financial position than appellant and, therefore, the court abused its discretion by awarding appellee her attorney fees.

■ Upon a review of the record, we find that appellant is in a better financial position than appellee. Appellant confirms this fact by emphasizing appellee's reliance upon her parents for housing, transportation, and other financial assistance. Wherefore, we find that the court did not abuse its discretion by awarding appellee her attorney fees.

Accordingly, appellant's second assignment of error is found not well-taken.

In his third assignment of error, appellant argues that the court erred by awarding appellee a lump sum judgment of $6,860.53 as a result of appellant's failure to execute a promissory note in the amount of $5,000 as ordered on August 13, 1987.

On March 31, 1987, appellee filed a complaint in the Lucas County Court of Common Pleas, Domestic Relations Division, requesting that she be granted a divorce from appellant. She further requested that she be awarded temporary and permanent alimony, custody of the minor children, child support, real estate, attorney fees, court costs, and various injunctions. The injunctions she sought included orders barring appellant from disposing of the assets of the two businesses owned by appellant, marital assets, and funds held in three banks. These injunctions were granted by the court.. Thereafter, a consent judgment entry was entered releasing certain business accounts.

On May 12, 1987, appellant filed a motion requesting a release of the appellant's businesses from the injunction which prohibited appellant from disposing of the assets of the businesses. On May 20, 1987, a hearing was held with regard to appellant's motion. The court rendered its judgment on August 13, 1987, which dissolved the injunctions against the businesses with regard to the disposition of corporate real estate, but continued it insofar as it restricted payments to appellant from his capital account or transfer of stock ownership. The court further ordered that as a condition of the release of business funds, appellee was to receive the net proceeds of $13,000 from the sale of certain real estate and a $5,000 promissory note due on or before December 31, 1987 from appellant, Michael J. Marietta, Marietta–Schneider, Inc., d.b.a. Schneider Builders and Supply Co., both to be classified as nonmarital assets.

By an order dated October 8, 1987, appellee was granted a divorce from appellant. Resolution of all other issues was continued for final hearing.

Appellee filed a motion to show cause on January 28, 1988, requesting an order requiring appellant to appear and show cause why appellant and the others should not be punished for contempt for failure to execute the promissory note as directed by the court's order of August 13, 1987. An affidavit was filed on February 11, 1988, wherein Louis J. Hattner, counsel for Marietta–Schneider, Inc., stated that he had appeared at the May 20, 1987 hearing on behalf of the corporation only. By order dated March 7, 1988, the contempt matter was continued until the final hearing date of March 10, 1988.

Again on April 20, 1988, appellee renewed her motion to show cause regarding appellant's failure to pay appellee $5,000 as ordered on August 13, 1987. The matter was, once again, continued until the final hearing by consent of the parties and at the direction of the court.

On March 10, 1988, the final hearing was held. The court found that appellee was entitled to a lump sum judgment in the amount of $6,860.53 against appellant and Marietta–Schneider, Inc., the balance due as a result of the court's prior order of August 13, 1987.

Appellant contends that the court abused its discretion by making this award because appellant was unrepresented at the original hearing and the monies awarded were nonmarital assets.

Although appellant has raised his assignment of error as an appeal from the final judgment in this case, he is, in reality, challenging the August 13, 1987 judgment of the trial court which dissolved the temporary injunction previously imposed and awarded certain assets to appellee. Some appellate courts have held that an order dissolving a temporary restraining order, in a case where the main issue was not the obtainment of a permanent injunction, is a final, appealable order. *Swan Mfg. Co. v. Jones* (1964), 4 Ohio App.2d 161, 33 O.O.2d 208, 211 N.E.2d 835; and *Robnet v. Miller* (1957), 105 Ohio App. 536, 538–540, 6 O.O.2d 257, 258–259, 152 N.E.2d 767, 769–770. Therefore, appellant's appeal of this issue would be untimely. However, the Supreme Court of Ohio has held that an order in an alimony only action which denied a request to dissolve a temporary restraining order is not a final, appealable order. *Petrus v. Petrus* (1964), 176 Ohio St. 305, 27 O.O.2d 233, 199 N.E.2d 579, syllabus. Following the *Petrus* case, we conclude that the August 13, 1987 judgment was not final and appealable until the final judgment was rendered in the case. Therefore, we find that appellant's appeal was timely and we may address the merits of the issue raised.

We note first of all that the record does not contain a transcript of the May 20, 1987 hearing. Therefore, we are unable to review the truth of appellant's claims. However, even if we assume that appellant was not

represented by counsel at this hearing, this is not a sufficient basis for reversing the order arising therefrom. Whenever an individual may be deprived of life, liberty, or property by the state, due process of law is required. Fourteenth Amendment to the United States Constitution. Due process often includes, among other things, a right to be represented by counsel at the hearing where the deprivation decision will be made. *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287. This right does not encompass a right to appointed counsel except in those situations provided for under the Constitution, by statute or by the common law. In the case *sub judice*, there is nothing in the record to suggest that appellant was prevented by the court from retaining counsel to represent him at the hearing. If appellant suffered any disadvantage as a result of his failure to seek the advice of counsel, he must suffer the consequences of his action.

Furthermore, the judgment entry involved indicates that the parties reached an agreement as to the temporary injunction issue during the May 20, 1987 hearing. Appellant, along with Michael J. Marietta and Marietta–Schneider, Inc., d.b.a. Schneider Builders and Supply Co., was ordered to execute a $5,000 promissory note to appellee and appellee was to receive $13,000 from the net proceeds of the sale of certain real estate. Apparently, in return, the injunction imposed against the corporation was dissolved and $45,000 held in escrow would be released to the corporation. Because appellant has admitted that he was present at the hearing, the judgment entry states that this agreement was reached by the parties. Since appellant has not presented any evidence to contradict the statement, we must uphold the trial court's order. We find that appellant's failure to sign the order to indicate his agreement to its terms has no effect on the order's effectiveness.

Wherefore, we find appellant's third assignment of error not well-taken.

Having found that substantial justice was not done the party complaining, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed, in part. This case is remanded to the trial court in order that the trial court may comply with the mandates of *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus, and delineate the basis for its award of sustenance alimony. In all other respects, the judgment is affirmed. Appellant is hereby ordered to pay the court costs incurred in connection with this appeal pursuant to App.R. 24.

*Judgment reversed in part,*
*affirmed in part,*
*and cause remanded.*

CONNORS and GLASSER, JJ., concur.