OPINION
Appellant has presented two assignments of error for consideration that are:
 "I. THE TRIAL COURT COMMITTED ERROR BY FAILING TO EQUITABLY DIVIDE THE PARTIES' MARITAL PROPERTY AS REQUIRED BY OHIO REVISED CODE, SECTION 3105.171 AND BY FAILING TO ACCURATELY DETERMINE AND APPORTION THE MARITAL DEBTS.
 "II. THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT TO APPELLEE CONSTITUTES AN ABUSE OF DISCRETION AND IS CONTRARY TO LAW."
An appellate court will not reverse a trial court's property division order in a divorce proceeding unless the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. An abuse of discretion "`connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Appellant argues that the trial court abused its discretion by failing to take debts owed on property into account when it assigned value to the property and by failing to make any order regarding some debts. He contends that the property division ordered by the court was not equitable as a result of the trial court's failure to consider outstanding debts owed. He also contends that the trial court failed to explain its division of property order with sufficient particularity to permit this court to make a meaningful review of the property division order.
The Supreme Court of Ohio has held:
 "In allocating property between the parties to a divorce * * *, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus.
We have carefully reviewed the record in this case and must agree with appellant that the trial court's order lacks sufficient detail for this court to make a meaningful review and to determine that the award was fair, equitable and in compliance with the law.
The record shows that the trial court invited both parties to submit proposed findings of fact and conclusions of law. Both parties accepted the invitation and filed proposed findings of fact and conclusions of law. On November 24, 1997, the trial court then filed a judgment entry informing the parties which paragraphs it would adopt from each party's findings of fact or conclusions of law. The court stated: "Counsel shall advise the Court and one another within fourteen days if there are any unresolved issues; if none, then counsel for defendant will prepare a Journal Entry consistent with the foregoing."
Less than fourteen days later, on December 5, 1997, the trial court filed a judgment entry decree of divorce. The judgment entry contained the paragraphs the trial court had indicated it would adopt in its November 24, 1997 judgment entry.
Appellant then filed a notice of unresolved issues in the trial court on December 8, 1997. His notice was within the original fourteen day time frame announced by the trial court for raising unresolved issues, but was filed after the trial court had already entered the judgment entry decree of divorce. Appellee filed a response to the notice of unresolved issues, but the trial court never ruled upon the notice or the response because appellant then filed this appeal in this court.
The trial transcript and the exhibits admitted at the divorce hearing in this case show that appellant did give unrefuted testimony regarding some outstanding debts. The judgment entry of the trial court in which the property division orders are contained has no reference to several of these debts. In addition, this court is unable to determine how the court arrived at the total values assigned to the property distributed to appellant and to appellee. The court adopted appellee's proposed findings of fact, that read:
 "G. That the Plaintiff is in possession of the following items of personal property: bed, dresser, couch, chair, two end tables, 27" tv with stereo, Sauder entertainment center, VCR, sweeper, a washer and dryer that doesn't work, microwave and air conditioner, a lawnmower, 2 children's bicycles, the beds and personal belongings of her children. These items have a total value of $1,019;
 "H. That the Defendant is in possession of the following items of personal property: his father's dresser, his personal belongings, VCR, tools and toolboxes [sic], sweeper, 2 bicycles, a riding lawnmower, chainsaw [sic], car parts, Camaro, Honda motorcycle, a couch, lamp, sewing machine, air conditioner, Toyota, van, a trailer, a twin bed, a Dodge truck, a LeBaron convertible, and several all terrain vehicles. These items have a value of $12,710."
Because the findings of fact were taken from appellee's proposed findings of fact, this court referred to the values listed for the personal property by appellee in her exhibits that were admitted at trial. The values she assigned to the property were as follows:
Her property:
— bed $100
— dresser $0
 — couch, chair and two end tables $250
 — twenty-seven inch tv with stereo $200
 — Sauder entertainment center $100
— VCR $79
— sweeper $20
 — a washer and dryer that doesn't work $20
 — microwave and air conditioner $100
 — two children's bicycles, the beds and personal belongings of her children $100
The total on these items adds up to $969. Appellee's exhibit failed to list two items included in the trial court's recitation of her personal property. The two items are an air conditioner and a lawnmower.
The values appellee assigned at trial to the personal property held by appellant were:
 — his father's dresser, his personal belonging $50
— VCR $100
 — tools and toolboxs $1,500
— sweeper $20
— two bicycles $100
— chain saw $300
— Camaro $800
— a couch $100
— lamp $15
— air conditioner $100
— Toyota $500
— van $800
— a trailer $250
— a twin bed $75
— a Dodge truck $250
 — a LeBaron convertible $8,000
 — several all terrain vehicles $3,000
The total on these items adds up to $16,210. Appellee's exhibit failed to list the following items included in the trial court's recitation of appellant's personal property: a riding lawnmower (her list does have a value of $250 for three riding lawnmowers, one for parts, but does not give a value for a single riding lawnmower); a Honda motorcycle; and a sewing machine.
Because this court cannot determine the basis for the factual findings of the trial court in its order regarding the division of property in this case, this court cannot make a meaningful review. Appellant's first assignment of error is well-taken to the extent that the trial court failed to provide sufficient specificity in its order for this court to make a determination that the trial court did not abuse its discretion.
In support of his second assignment of error, appellant alleges that the trial court abused its discretion when it ordered him to pay appellee spousal support in the amount of $200 per month for three years. Appellant again argues that the trial court failed to provide sufficient explanation in its judgment entry of how it applied the factors of R.C. 3105.18 to reach its ruling that appellee was entitled to $200 of spousal support each month for three years.
This court has previously stated:
 "While the trial court is given broad discretion regarding the determination of the need for and amount of sustenance alimony to be awarded, it must consider the statutory factors enumerated at R.C. 3105.18 and identify, with sufficient detail, the rationale behind the award so that a superior court may review the decision." Schneider v. Schneider (1989), 61 Ohio App.3d 164, 167.
In this case, the trial court's judgment entry order regarding the award of spousal support reads:
 "7. After due and proper consideration of all of the factors contained in Section 3105.18 of the Ohio Revised Code, the Court finds that the Defendant should pay spousal support to the Plaintiff in the amount of $200.00 per month for the term of three years from the date of the entry of divorce herein."
We once again find ourselves in a position where we can find:
 "other evidence in the record which discloses the financial statuses of the parties and other factors of the circumstances surrounding this marriage, [but] we cannot identify from the court's opinion what facts were considered. Rather than second guess the trial court's analysis, we find that the better approach is to remand this case in order that the trial court may comply with the mandates of the Kaechele case by setting forth the basis for its decision." Schneider v. Schneider, 61 Ohio App. 3d at 167.
Accordingly, we find appellant's second assignment of error well-taken to the extent that this court is unable to make a meaningful review of the trial court's order regarding spousal support because the trial court failed to state with sufficient specificity the reasons for its order.
The judgment of the Williams County Court of Common Pleas is reversed. We remand this case and direct the trial court to enter a judgment that explains the basis of its orders dividing the property of the parties and awarding appellee spousal support with sufficient detail to enable this court to determine whether the division is fair, equitable, and in accordance with the law should appellant choose to appeal from the new order. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.