OPINION
This is an appeal of a judgment of the Portage County Court of Common Pleas, Domestic Relations Division, granting a decree of divorce to appellant, Debbie K. Lerchbacher, and appellee, Mark C. Lerchbacher, dividing the marital property, and ordering appellee to pay spousal support to appellant.
Appellee and appellant were married on January 1, 1996. Two children were born as issue of the marriage.
At the time the parties were married, appellee was operating a landscaping business, X-Mark 1 Landscaping, Inc. ("X-Mark"), and appellant was employed at Allen Bradley. Approximately two years after the parties were married, appellant quit her job, and began helping appellee run X-Mark. Appellee continued operating X-Mark throughout the marriage.
On April 20, 2000, appellee filed a complaint for divorce. Appellant answered and filed a counterclaim for divorce. The matter was heard before the trial court on March 27, 2001. Appellee testified on his own behalf and presented the testimony of his mother, Delores M. Lerchbacher. Appellant testified on her behalf. At the trial, both parties stipulated to their incompatibility, leaving only issues of property division and visitation of the children.
The trial court granted the parties a divorce, granted custody of the parties' children to appellant, ordered appellee to pay appellant child support, divided the marital property, and ordered appellee to pay spousal support to appellant.
Appellant filed a timely appeal of the court's judgment, asserting the following assignments of error:
 "[1.] The Trial Court erred as a matter of law, in violation of Ohio revised Code section 3105.171, and abused its discretion by failing to properly value and make an equitable and fair division of the parties marital property.
 "[2.] The Trial Court abused its discretion and erred in awarding Appellant only $200 per month for 18 months spousal [sic] and valuing the Appellant's motor vehicle."
In appellant's first assignment of error, she argues that the trial court erred in determining the value of appellee's business and the value of his gun collection. As part of her second assignment of error, appellant argues that the court erred in determining the value of her automobile. As these issues are closely related, we will consider them together.
An appellate court will only reverse a trial court's determination of the value of marital property if the court abused its discretion. Boylesv. Boyles, 11th Dist. No. 2000-P-0072, 2001-Ohio-4303 at ¶ 12, citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant first argues that the trial court erred by determining that X-Mark had a fair market value of $9,050 and awarding her half of that figure. Appellant contends that appellee misrepresented the amount and value of the equipment owned by the company. Appellant also contends that appellee misstated his annual income.
In an effort to demonstrate that appellee offered deceptive testimony to the court, appellant points in her brief to portions of appellant's deposition, taken on September 5, 2000. Civ.R. 32 outlines a narrow set of circumstances that allow a deposition to be offered into evidence at trial. Because appellee testified at the trial, the only applicable circumstance is the one described in Civ.R. 32(A)(1), which provides that "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness." Appellant did not use appellee's deposition to impeach him with regard to the assets or valuation of X-Mark while he was testifying before the trial court, so the deposition was not entered into evidence. Thus, appellant may not use the deposition in an attempt to belatedly impeach appellee's testimony on appeal.
At trial, appellant testified and offered plaintiff's exhibit one, which valued the major assets of X-Mark at $74,000 to $75,000. Appellant also testified that the liability on these assets was $76,122. Other miscellaneous equipment owned by the corporation was valued by appellee at $8,000.
Upon cross-examination, appellee testified that the corporation owned other equipment, which was not used in the day-to day operations of the company. Upon the court's insistence, appellee valued this equipment at $1,050. Appellee was also asked, during cross-examination, about equipment which sales records indicated had been purchased by the corporation. Appellee testified that some of the equipment had been stolen, and other equipment had been traded in.
Appellee also testified that the company had been losing money for the preceding three years, and that he had been using the depreciation of the equipment as his income. This income amounted to $23,000 to $25,000 per year. Appellant produced a loan application for the purchase of a truck, in which appellee indicated his income as $6,000 per month. Appellee explained that the $6,000 figure was X-Mark's gross monthly income, not its net income.
The trial court found that X-Mark itself possessed no equity other than the value of the equipment it owned. The court found the value of the equipment to be $9,050, the amount to which appellee testified, and awarded appellant half of that amount. "[A] trial court does not abuse its discretion in determining the value of a marital asset when it employs the values presented by the parties." Boyles, supra, at ¶ 21. Clearly, the court believed appellee's valuation of the equipment and appellee's testimony indicating that the business was losing money. That the court believed appellee's testimony over appellant's does not constitute an abuse of discretion.
Appellant next argues that the court erred in determining that appellant's gun collection had a marital value of only $1,000. Appellant argues that all of the guns were purchased during the marriage and, thus, are all marital property, and that the fair market value of the guns was approximately $6,000.
A party seeking to prove that property is separate rather than marital bears the burden of proof by a preponderance of the evidence. Zeefe v.Zeefe (1998), 125 Ohio App.3d 600, 614, citing Peck v. Peck (1994),96 Ohio App.3d 731. In the case at bar, appellant testified that he had owned ten guns, with a total value of $2,000 to $3,000. Appellant testified that he had purchased three of the ten prior to the marriage and that he had sold all of the guns before he filed for divorce. Appellant testified that appellee had purchased all of the guns during the marriage, and that they had a value of approximately $6,000. Appellant also testified that appellee took all of the guns out of the house in October 1999.
The court found that appellant's gun collection was worth $2,000, that one-third of the guns had been purchased prior to the marriage, and that several of them were sold. The court determined that the value of the remaining guns was $1,000 and divided that amount evenly between the parties. Considering the testimony of both parties on this issue, the trial court did not abuse its discretion in reaching this conclusion.
Appellant next argues that the court erred by failing to divide the household furnishings. Appellant argues that the trial court erred in finding that appellee had given her the household furnishings, and argues that appellee retained possession of $10,067 worth of furnishings, which he had not turned over to appellant. Appellant listed these items in defendant's exhibit D.
First, we note that defendant's exhibit D contains several items, valued by appellant at $7,350 of the claimed $10,067, and expressly disposed of by the trial court. These items include appellee's gun collection, which was discussed supra, a washing machine, and a couch and love seat set, which the court awarded to appellant. To the extent that appellant argues these items were specifically awarded to her but never delivered by appellee, she is making her arguments in the wrong forum. If appellee has not complied with the orders of the trial court, appellant should move the trial court to hold him in contempt. A party's failure to comply with the orders of the court does not make the court's orders themselves erroneous.
With regard to the other household items, the trial court, at the hearing, instructed the parties to either reach an agreement on the division of the items or to list all the items and make alternate selections. While the court indicated this at trial, this order does not appear in the trial court's judgment entry. It is axiomatic that a court speaks only through its journal, and not through oral pronouncements.Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus. Thus, the trial court did not properly dispose of this additional household property.
Finally, appellant argues that the trial court erred by finding that the value of her automobile was $11,242, when she testified that the value was $1,242. Appellee does not dispute that the value of the automobile is $1,242. This is clearly a typographical error, not an error in valuing the automobile.
Appellant's first assignment of error has merit.
In her second assignment of error, appellant argues that the trial court erred by awarding her spousal support of $200 per month for eighteen months, rather than awarding her a lump sum of $12,000 and monthly support of $300, as she requested.
In its spousal support award the trial court concluded that:
 "Considering this is a marriage of five years and considering the education of the parties, the necessary living expenses of the Wife, the fact that Wife has responsibility for the care of the two minor children, and the greater earning ability of the Husband, along with the other factors enumerated in O.R.C. Section 3105.18, it is further ORDERED, ADJUDGED and DECREED that Husband shall pay, as spousal support, the sum of Two Hundred Dollars ($200) a month for Eighteen (18) consecutive months, or until the Wife shall remarry or die." (Emphasis sic.)
When making awards of spousal support, R.C. 3105.18 requires the trial court to review the statutory factors in R.C. 3105.18(B) that support such an order, and to indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 97.
This court has repeatedly held that "a trial court does not satisfy the holding of Kaechele by merely stating that it considered the factors enumerated in R.C. 3105.18." Messina v. Schneider (Sept. 28, 2001), 11th Dist. No. 2000-P-0073, 2001 WL 1149509, at *1, quoting Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 784, citing Stychno v. Stychno
(Dec. 29, 1995), 11th Dist. No. 94-T-5036, 1995 WL 815518, at *3; Killingv. Killing (Sept. 30, 1994), 11th Dist. No. 93-P-0096, 1994 WL 587776, at *2. The court must indicate the basis of its spousal support award in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law. Stychno, supra.
While the trial court's judgment entry does go beyond those considered in Stafinsky, Stychno, and Killing by mentioning a few of the factors listed in R.C. 3105.18(C)(1), there is no explanation of how these factors came to bear on the final spousal support figure. See, e.g.Messina, supra. "While there is some evidence which arguably supports the award, it would be improper for this court to perform the intermediate analytical steps which the trial court neglected to recite. We refuse to speculate regarding the deliberative process employed by the trial court in reaching its spousal support award." Herman v. Herman (March 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106 at 5, quoting Schneiderv. Schneider (1989), 61 Ohio App.3d 164.
Appellant's second assignment has merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for the trial court to dispose of the additional household property in a judgment entry, and for the trial court to provide its rationale for its award of spousal support, both for its amount and its duration. On remand, the trial court should also correct its judgment entry to reflect the correct value of appellant's automobile as $1,242.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.