OPINION
{¶ 1} This is an appeal from the Geauga County Court of Common Pleas, Domestic Relations Division. Appellant, E. Timothy Holzheimer, appeals the trial court's recalculation of the award of spousal support.
{¶ 2} Appellant and appellee, Madeleine A. Holzheimer, were married on June 25, 1966, in Cleveland, Ohio. Three children, all of whom are emancipated, were born as issue of the marriage. On July 18, 1997, appellant filed for divorce on the ground of incompatibility. On October 1, 1998, the parties entered into a separation and property settlement agreement and resolved the issue of the division of property. They were unable to resolve the issue of spousal support, and a trial was held on October 1, 1998.
{¶ 3} As part of its findings of fact and conclusions of law filed on May 11, 1999, the trial court found that: (1) the marriage lasted thirty-two years; (2) both parties were fifty-five years old; (3) appellee was a high school graduate and worked one year while appellant attended law school, was asthmatic, was diagnosed with bipolar disorder, and was a recovering alcoholic; (4) appellant was in good health, completed college, obtained a law degree, and worked as a certified public accountant ("CPA") and certified financial planner with a firm since 1966, and had been a partner there since 1972; (5) a ten-year review of appellant's income revealed that he earned a yearly gross income of about $195,000; (7) the parties paid for the private secondary education and college tuition for their children, which totaled in excess of $250,000; (8) the parties paid for two weddings, each of which cost about $15,000, and gifted their son in excess of $15,000 to assist him with start-up housing costs; and (9) prior to filing for divorce and during the pendency of the action, appellant provided appellee with $1,500 per month for her day-to-day living expenses, paid $4,000 toward the mortgage and other household expenses, and when she requested additional money, he supplied her with it.[1]
{¶ 4} Thereafter, the trial court concluded that in making its determination as to the award of spousal support, it must "consider the factors enumerated in [R.C.] 3105.18." In the May 11, 1999 divorce decree, the trial court, based on its findings of fact and conclusions of law, issued appellee spousal support in the amount of $4,906.20 per month for an indefinite period of time.[2] Appellee filed an appeal and argued that the trial court erred in deciding the amount of spousal support awarded to her.
{¶ 5} In Holzheimer v. Holzheimer (June 30, 2000), 11th Dist. No. 99-G-2232, 2000 WL 898825, at 4, this court held that "* * * the factors listed in R.C. 3105.18(C)(1) were sufficiently examined with the underlying evidence and supported the trial court's determination that spousal support was appropriate. However, although we conclude that an award of spousal support was appropriate, the award may not have been reasonable." We determined that the trial court abused its discretion in the amount of spousal support it awarded. We instructed the trial court on remand to determine a reasonable amount of spousal support to be paid to appellee without considering any income that may be derived by requiring her invest her property settlement.
{¶ 6} After the case was remanded to the trial court, appellant filed a motion to expand the record on January 16, 2001, to provide additional information that could not be presented at the October 1, 1998 trial. The trial court granted the motion and set the matter for an evidential hearing on August 10, 2001. The new information obtained at that hearing was as follows: American Express acquired the firm appellant was employed by in March 2000, but appellant remained as a CPA. As a result of the acquisition, appellant stated that his annual compensation had been substantially reduced. He testified that the components of his compensation from American Express were as follows: "a base pay of $114,000, a bonus that [was] amortized over the year 2001 in the approximate amount of $29,000, and additionally [he got] $850 a month * * * towards car expense and entertainment expense of [the] client base, and that $850 totals $10,200 a year." In 1999, appellant's adjusted gross income was $274,000, and in 2000, his adjusted gross income was $217,000.
{¶ 7} At the hearing, appellant testified that at that time he had $71,000 in spendable dollars after spousal support had been deducted. Prior to that time, he had $152,000 in spendable dollars. However, he explained that out of the $152,000, he was also paying for appellee's expenses in addition to his own.
{¶ 8} The trial court issued a judgment entry on September 13, 2001, in which it determined that appellant shall pay spousal support in the amount of $5,250 per month to terminate upon the death of either party or upon appellee's remarriage or cohabitation with an adult male in a relationship equivalent to marriage. It is from that entry that appellant filed the instant appeal and now assigns the following as error:
 {¶ 9} "The trial court's award of spousal support constitutes an abuse of discretion, as it is unreasonable, unconscionable, and arbitrary."
{¶ 10} It is well-established that a trial court has broad discretion in formulating an award of spousal support and that a reviewing court will not disturb an award absent a finding of an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion is more than a mere error of law; "`it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at 219.
{¶ 11} Pursuant to R.C. 3105.18, a trial court must award spousal support when it is "`appropriate and reasonable.'" Holzheimer, supra, at 2, citing Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, at 5, and Clontz v. Clontz (May 16, 1997), 11th Dist. No. 96-T-5531, at 6. R.C. 3105.18(C)(1) provides "* * * [i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors * * *." The factors are as follows: (a) the income of the parties; (b) the earning abilities of the parties; (c) the ages and health of the parties; (d) the parties' retirement benefits; (e) the duration of the marriage; (f) the appropriateness of the parties to seek employment outside the home; (g) the marital standard of living; (h) the education of the parties; (i) the assets and liabilities of the parties; (j) the contribution of either party to the other's education; (k) the cost of education of the party seeking support; (l) the tax consequences of a spousal support award; (m) the lost income that results from the parties' marital responsibilities; and (n) any other factor the court deems relevant. R.C. 3105.18(C)(1)(a)-(n); Holzheimer, supra, at 3.
{¶ 12} In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781,784, we stated:
 {¶ 13} "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.) (Emphasis added.)
{¶ 14} We further held that a court does not satisfy Kaechele by simply stating that it considered the R.C. 3105.18(C)(1) factors. Id. This court explained that when the trial court's judgment entry reveals that the only criterion it explicitly considered was the income of the parties, that entry is insufficient. Id. In addition, our court has provided:
 {¶ 15} "`It is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. (Kaechele v. Kaechele (1988), 35 Ohio St.3d 93); Schneider v. Schneider (1989), 61 Ohio App.3d 164. This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *' (Citation omitted.)" Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106, at 9, quoting Killing v. Killing
(Sept. 30, 1994), 11th Dist. No. 93-P-0096, at 6.
{¶ 16} Also, the resulting award must be "fair, equitable and in accordance with law." Kaechele, 35 Ohio St.3d at 94. A fair result requires that "[t]o the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]." Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110.
{¶ 17} Here, a review of the record and judgment entry reveals that the trial court considered the factors listed in R.C. 3105.18(C) in awarding spousal support. In arriving at its decision, the trial court listed a factual finding regarding each relevant factor and provided an analysis of the factors. Specifically, the trial court explained that:
 {¶ 18} (a) appellant earned $253,338 in 1995, $269,003 in 1996, $294,566 in 1997, $354,520 in 1998, $329,702 in 1999, $205,822 in 2000; and $154,200 in 2001, whereas appellee's only source of income in 1999 and 2000 was interest from her investments;
 {¶ 19} (b) appellant earned as much as $300,000 a year in his profession, and appellee was not employed outside of the home during the marriage and has no employable training, skills, or abilities;
 {¶ 20} (c) appellant was born June 15, 1943 and has no health problems, and appellee was born November 25, 1942 and is bipolar and asthmatic;
 {¶ 21} (d) the retirement account was divided in the property settlement;
{¶ 22} (e) the marriage lasted thirty-one years;
 {¶ 23} (f) the appropriateness of appellee to seek employment outside the home did not apply as there are no minor children;
 {¶ 24} (g) the parties did not have an extravagant standard of living as much of the marital income was spent on educating the children or helping them buy a home;
 {¶ 25} (h) appellant was a CPA, a financial planner and also had his law degree, and appellee had a high school education;
 {¶ 26} (i) as a result of the property settlement, the parties had almost equal assets and liabilities;
 {¶ 27} (j) appellee contributed to appellant's earning ability;
 {¶ 28} (k) appellee's age and physical and emotional health make it highly unlikely for her to be able to acquire education, training, or job experience that would permit her to earn her own living;
 {¶ 29} (l) spousal support paid by appellant would be a reduction in his taxable income and an addition to appellee's taxable income;
 {¶ 30} (m) the trial court found that neither party lost any income production capacity because of the party's marital responsibilities; and
 {¶ 31} (n) the trial court considered that appellant was one of sixteen partners in the accounting firm before its sale to American Express and the reduction in income was not "completely involuntary" as he did not "disagree with the sale[.]" Also, the trial court discussed the budget submitted by the parties as to their anticipated expenses. Appellant's anticipated expenses totaled $72,500 a year, and appellee's amounted to $65,600 per year.
{¶ 32} It is our position that the trial court provided specific points of analysis with regard to the R.C. 3105.18(C)(1) factors and set forth its rationale with respect to its award of spousal support in sufficient detail to allow appellate review. Furthermore, appellant's estimated budget did not take into account the additional $40,000 compensation he was to receive annually for seven years from the sale of his partnership assets to American Express. Also, appellant seems to want to impute interest income to appellee while downplaying his own other income. Hence, when we consider the totality of the circumstances, we cannot say that the trial court abused its discretion in ordering appellant to pay spousal support in the amount of $5,250 per month. It is our view that the factors listed in R.C. 3105.18(C)(1) were sufficiently examined with the underlying evidence and supported the trial court's determination that spousal support was appropriate and reasonable.
{¶ 33} For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] At the October 1, 1998 trial, the parties also testified to the following: appellant characterized their standard of living as "adequate" and revealed that his personal monthly expenses totaled approximately $6,375. Appellee indicated that she wanted to move into a $175,000 condominium and characterized her standard of living during the marriage as "pretty high." She estimated her monthly expenses to be about $9,290. However, her $9,290 budget calculation included a monthly $2,500 tax reserve, a monthly savings or investment of $300, and installment payments on debts, which were taken into account with the property settlement.
[2] This amount was determined by taking $5,000, the demonstrated anticipated budget, less $1,300, the yield from the property division, and multiplying that number by one hundred thirty percent, the amount for projected income tax. After adding a two-percent processing charge, the trial court arrived at $4,906.20 as the amount of spousal support.